O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENDERSON, | Case No. CV 14-05960 DDP (PJWx) |
| Plaintiff, | **ORDER DENYING REQUEST TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| | (DOCKET NUMBER 35) |
| JP MORGAN CHASE & COMPANY; ENTERPRISE RENT-A-CAR, | |
| Defendants. | |

    Plaintiff, litigating pro se, asks the Court for permission to file a Second Amended Complaint. (Dkt. No. 35.) Ordinarily, leave to amend is given freely when justice so requires. Fed. R. Civ. P. 15(a)(2). However, giving leave to amend at this point would not serve the interests of justice, because, for reasons explained below, it might prejudice the Defendants or require them to submit largely duplicative filings.

    There is some confusion as to who the defendants are in this case. Plaintiff's initial Complaint named Enterprise Rent-A-Car as a defendant. Plaintiff's First Amended Complaint names either "The Crawford Group" or "Crawford" as a defendant in its caption and

throughout the complaint, alleging that Crawford is "aka Enterprise." Enterprise Rent-A-Car has filed a motion seeking to strike references to "The Crawford Group," rather than Enterprise, or, in the alternative, asking the Court to order Plaintiff to file a complaint clarifying whether Plaintiff means to sue Enterprise, Crawford, or both. (Dkt. No. 32.) Enterprise alleges that it is a separate business entity from Crawford.

Although the Second Amended Complaint gives slightly more information as to this apparent substitution of Crawford for Enterprise, calling Crawford "the direct owner of Enterprise Rent-A-Car of Los Angeles, and the real party in interest," this does not directly answer the question of whether Enterprise itself, as a separate business entity, remains a defendant.

Because of the above, Defendants would be prejudiced by having to respond to Plaintiff's proposed Second Amended Complaint. Enterprise's pending motion would be vacated by the filing of the Second Amended Complaint, and Enterprise would be forced to refile essentially the same motion, on the same grounds, with regard to the new complaint. Meanwhile, Defendant JP Morgan Chase has already filed an Answer based on the First Amended Complaint. That filing, too, might have to be amended if Plaintiff were to file a Second, and possibly Third, Amended Complaint. The Court does not want to place the Defendants in the position of having to respond to multiple amendments in short order.

The Court therefore finds it appropriate to wait until after the motion is heard to grant leave to amend, as the disposition of
///

the motion is likely to make clear who the named parties would be in any amended complaint.  The request for leave to amend is DENIED.

IT IS SO ORDERED.

Dated: November 6, 2014

DEAN D. PREGERSON
United States District Judge

3