O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT HENDERSON, | ) | Case No. CV 14-05960 DDP (PJWx) |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO STRIKE** |
| v. | ) | (DOCKET NUMBER 32) |
| JP MORGAN CHASE & COMPANY; ENTERPRISE RENT-A-CAR, | ) | |
| Defendant. | ) | |

Defendant Enterprise Rent-A-Car of Los Angeles ("Enterprise") moves to strike references to "The Crawford Group" in Plaintiff's First Amended Complaint ("FAC"), pursuant to Rule 12(f). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motion is unopposed.

The Court takes judicial notice of the fact that The Crawford Group ("Crawford") is a separate corporate entity from Enterprise. (Def. Enterprise's RJN, Ex. G.) Plaintiff did not name Crawford in his initial Complaint. (Dkt. No. 3.) Although Plaintiff later moved for leave to amend the Complaint, nothing in that motion suggested an intent to add or delete any party:

1        Upon reviewing my reply to Enterprise's 'answer', I realize
2           that I had inadvertently left out some key facts to my
3           original complaint, along with some important research.  Also,
4        I need to expand my reply to both defendants at the same time.
5   (Dkt. No. 28.)  The Court granted Plaintiff leave to amend "in
6   order to add factual allegations and exhibits not included in the
7   original complaint," and "to properly state his claims."  (Dkt. No.
8   29.)  Nothing in the Court's order mentioned, or could be construed
9   as understanding, any intention on Plaintiff's part to add or
10  delete any parties.  (<u>Id.</u>)  Nor, indeed, does Plaintiff's FAC seem
11  to treat Crawford as a separate party; rather, the first paragraph
12  of the FAC describes Crawford as "aka 'Enterprise.'"
13       Because any reference to Crawford is either irrelevant to
14  Plaintiff's claims or is simply an erroneous reference to
15  Enterprise, such references are "immaterial" to the complaint
16  within the meaning of Rule 12(f).  "Immaterial matter is that which
17  has no essential or important relationship to the claim for relief
18  or the defenses being pleaded."  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d
19  1524, 1527 (9th Cir.1993) (quoting 5 Charles A. Wright & Arthur R.
20  Miller, Federal Practice and Procedure § 1382, at 706-707 (1990)).
21       The Court therefore GRANTS THE MOTION to strike references to
22  "The Crawford Group" in the FAC and, to the degree that this
23  creates ambiguities in the FAC, interprets them as references to
24  Enterprise instead.
25  IT IS SO ORDERED.
26  Dated: November 19, 2014

                                           DEAN D. PREGERSON
                                           United States District Judge